1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

September 21, 2022

Gianni Servodidio
Tel +1 212 891 1620
Fax +1 212 909 0837
GServodidio@jenner.com

**VIA ECF**

Hon. Paul G. Gardephe
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *JTH Tax LLC v. AMC Networks Inc. et al.*, No. 22-cv-6526
      Request for Pre-Motion Conference

Dear Judge Gardephe:

On behalf of Defendants AMC Networks Inc. and Sony Pictures Television Inc., we respectfully submit this pre-motion letter pursuant to Rule IV.A of the Court's Individual Practices setting forth the grounds for Defendants' proposed motion to dismiss in its entirety the complaint filed by Plaintiff JTH Tax LLC d/b/a Liberty Tax Service and Defendants' accompanying request for a stay of discovery.  An initial pretrial conference is scheduled in this matter for November 3, 2022.

This lawsuit, brought by a trademark holder engaged in the franchising of tax preparation services, raises claims for trademark infringement, dilution, defamation, disparagement, and injurious falsehoods (seeking both damages and injunctive relief) based on the depiction in an episode of *Better Call Saul* of an individually owned fictional tax service with an Americana-themed set design, including a Statue of Liberty inflatable doll originating from *Better Call Saul*'s predecessor series *Breaking Bad*.  Because the First Amendment firmly protects the ability of content creators to imbue their fictional works with artistically relevant material in circumstances like these, Plaintiff's claims should be dismissed by this Court as a matter of law.

Background

The popular fictional television series *Better Call Saul*, a *Breaking Bad* prequel, "follows the transformation of Jimmy McGill (played by Bob Odenkirk), a former con artist, into the egocentric criminal lawyer Saul Goodman."  Compl., ECF No. 1, ¶¶ 31–32.  Season 6, Episode 2 of *Better Call Saul* (the "Episode") features the return of McGill's former clients Craig and Betsy Kettleman.  *Id.* ¶¶ 34, 36.  As the Complaint acknowledges, the Kettleman characters appeared in the first season of *Better Call Saul*, where Craig Kettleman was convicted of and

imprisoned for embezzlement.  *Id.* ¶ 37.  In the Episode, Mr. Kettleman has been released from prison and the couple now owns and operates a tax preparation business called "Sweet Liberty Tax Services."  *Id.* ¶ 38.  As can be seen in screenshots from the Complaint, the "Sweet Liberty Tax Services" set design features a small building in the middle of the New Mexico desert and is replete with over-the-top Americana elements such as an inflatable replica of the Statue of Liberty.  *See id.* at 2, 11–13.

Plaintiff alleges that the fictional set design for "Sweet Liberty Tax Services" infringes and dilutes its alleged trademark and trade dress rights in its LIBERTY TAX word marks and logo and in representations of the Statue of Liberty and a "red, white and blue motif" for "tax preparation services."  *See id.* ¶¶ 64–99.[1]  Plaintiff also alleges defamation, disparagement, and injurious falsehood.  *Id.* ¶¶ 100–127.  As described below, Plaintiff's Complaint should be dismissed in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     Defendants' Expressive Conduct is Protected by the First Amendment.

Under the Second Circuit's seminal decision in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), Plaintiff's Lanham Act claims for infringement and dilution must be dismissed because: (i) the challenged use of Plaintiff's marks has artistic relevance to *Better Call Saul*; and (ii) Plaintiff has not alleged and cannot allege that Defendants "explicitly misl[ed]" the audience as to Defendants' artistic work.  *Id.* at 999–1000; *see also, e.g.*, *Louis Vuitton Malletier S.A. v. Warner Bros. Ent. Inc.*, 868 F. Supp. 2d 172, 177 n.9, 183–84 (S.D.N.Y. 2012); *AM Gen. LLC v. Activision Blizzard, Inc.*, 450 F. Supp. 3d 467, 488 (S.D.N.Y. 2020).

Here, the use of the set design for "Sweet Liberty Tax Services" and accompanying imagery plainly clears the very low bar for "artistic relevance," which is satisfied unless the use "has no artistic relevance to the underlying work whatsoever."  *Rogers*, 875 F.2d at 999; *see also Louis Vuitton*, 868 F. Supp. 2d at 178.  The "Sweet Liberty" business evokes the Kettlemans' criminal past in a humorous way, gesturing at Craig Kettleman's release from prison and his resort to symbols of Americana as a way of giving himself legitimacy.  The inflatable Statue of Liberty—with a comedically distorted facial expression and distinctive solid white coloring with a blue dress—also serves as an important clue in the development of McGill's character: he observes that "Lady Liberty is a nice touch" and ends up using the very same inflatable for the exterior of his *Breaking Bad*-era law office, consistent with the character's tendency to swipe mementos from those he encounters.

---

[1] It is unclear whether Plaintiff is alleging infringement of its alleged trade dress described earlier in the Complaint as consisting of a "red, white, and blue motif and extensive use of the Statue of Liberty."  Compl. ¶ 16.  In any event, that trade dress is concededly not registered in its entirety.  *See id.* ¶ 76 (referencing trademark registrations "for certain elements" of Plaintiff's trade dress).

September 21, 2022
Page 3

Similarly, Plaintiff does not (and cannot) plead that the Episode "explicitly misleads as to the source or the content of the work." *Rogers*, 875 F.2d at 999. There are no allegations that the Episode contains any "explicit indication, "overt claim," or "explicit misstatement" connoting Plaintiff's sponsorship or endorsement of *Better Call Saul*. *See id.* at 1001. Nor is it enough for Plaintiff to allege that consumers may be confused as to whether the set design of the fictional "Sweet Liberty Tax Services" is an actual representation of a Liberty Tax Service location. *See* Compl. ¶ 61. To the contrary, it is well established that the relevant question is whether the defendant has misled consumers into thinking that there is a connection between the defendant's product (the defendant's creative work, here *Better Call Saul*, *id.* ¶¶ 28–33) and the plaintiff's goods or services (here "tax preparation services," *id.* ¶¶ 65, 76). *See Louis Vuitton Malletier*, 868 F. Supp. 2d at 179 ("*Rogers* and the cases adopting its holding have consistently framed the applicable standard in terms of confusion as to the defendant's artistic work."). No allegations support any such actionable claim here.

## II.     Plaintiff Cannot Allege Dilution Due to Noncommercial Use.

Plaintiff's federal dilution claim should also be dismissed because the federal dilution statute expressly does not apply to "noncommercial use of a mark." 15 U.S.C. § 1125(c)(3)(C). In granting broad anti-dilution rights to famous marks, Congress has consistently been careful to carve out a "free-speech exclusion for noncommercial use of a mark" to ensure that First-Amendment-protected interests would not be subject to attack, 152 Cong. Rec. H6963, H6964 (daily ed. Sept. 25, 2006) (statement of Rep. Jim Sensenbrenner), and that "forms of expression that are not part of a commercial transaction" would be protected, 141 Cong. Rec. S19306, S19310 (daily ed. Dec. 29, 1995) (statement of Sen. Orrin Hatch). As courts have repeatedly recognized in the context of film and television, the Episode's use of "Sweet Liberty Tax Services" and related imagery is noncommercial and thus cannot give rise to a dilution claim. *See, e.g.*, *Louis Vuitton*, 868 F. Supp. 2d at 177, 184 (recognizing that use of a mark in a motion picture is not commercial use).

## III.    The Complaint Does Not Plausibly Allege Defamation, Disparagement or Injurious Falsehood.

It is black-letter law that a claim for defamation must allege a false, defamatory statement "of and concerning" the plaintiff to be actionable. *See, e.g.*, *de Rothschild v. Serlin*, 2021 WL 860227, at *7 (S.D.N.Y. Mar. 8, 2021) (Gardephe, J.) (explaining that under New York law, a defamation plaintiff must allege "a defamatory statement of fact" that, among other things, is false, published to a third party, and "of and concerning" the plaintiff); *Lokhova v. Halper*, 441 F. Supp. 3d 238, 261 (E.D. Va. 2020) (explaining that under Virginia law, a statement must both

be "of and concerning" the plaintiff and must be "both false and defamatory").[2]  Similar principles apply to claims for disparagement and injurious falsehood.  *See, e.g.*, 3 *Callmann on Unfair Comp., Tr. & Monopolies* § 11:13 (4th ed., June 2022 update) (addressing elements of disparagement and injurious falsehood at common law)

The Complaint alleges no facts to plausibly support a conclusion that the Episode communicates any false factual content—overtly or by implication—of and concerning Plaintiff or its business, let alone that Plaintiff's business is "operated by criminals" or engages in crime, dishonesty, or business misconduct.  *See* Compl. ¶¶ 101, 104, 112, 120.

The Complaint "does not identify or describe the alleged defamatory statements," which is fatal to Plaintiff's claim.  *de Rothschild*, 2021 WL 860227, at *8.  The Complaint alleges only that a set of fictional characters in a fictional television show—which provides no indication that it is commenting on real-life events, companies, or people—engaged in misconduct as owners of a business that has a different name and different appearance from Plaintiff's Liberty Tax Service business.  Courts do not hesitate to dismiss claims that are based on purported false or derogatory statements in fictional works.  *See Films of Distinction, Inc. v. Allegro Film Prods.*, 12 F. Supp. 2d 1068, 1080–81 (C.D. Cal. 1998) (alterations and quotation marks omitted) (dismissing defamation claim based on allegations that a film portrayed watching the plaintiff's "Crime Channel" as causing children to become violent); *accord Davis v. Walt Disney Co.*, 2004 WL 1895234, at *7 (D. Minn. Aug. 23, 2004) (dismissing defamation claim based on negative portrayal of company with allegedly similar name to the plaintiff's in fictional superhero movie).  It is not plausible that viewers of the Episode would interpret the fictional Kettlemans' tax-fraud scheme as calling into question the real-world integrity or conduct of Plaintiff.  The lack of an alleged false statement of fact—whether it is stated outright or implied—about Plaintiff or its business is fatal to all three of the relevant claims.[3]

---

[2] Plaintiff does not specify which state's law it believes applies to its non-federal claims; although Plaintiff is headquartered in Virginia, it alleges that it has thousands of tax preparation centers located throughout the United States and Canada, and that "a substantial part of the events or omissions giving rise to the claims at issue" occurred within this District.  *See* Compl. ¶¶ 5, 11, 13.  Complete briefing on a motion to dismiss would address any applicable choice-of-law considerations.  Under any potential legal standard for these claims, however, the Complaint fails to allege any false statements or implied statements of fact concerning Plaintiff.

[3] The disparagement and injurious falsehood claims fail for other reasons, too.  As an initial matter, they are duplicative of Plaintiff's defamation claim in that they are based on the same alleged conduct and the same theory of harm.  *See, e.g.*, *Kesner v. Dow Jones & Co.*, 515 F. Supp. 3d 149, 189–90 (S.D.N.Y. 2021).  Nor have Plaintiffs alleged special damages, as is generally required for claims for disparagement and injurious falsehood.  *See, e.g.*, *Law of Defamation* §§ 11:34, 11:39 (2d ed., May 2022 update).

September 21, 2022
Page 5

### IV. Discovery Should be Stayed Pending the Resolution of Defendants' Motion.

Given the plain insufficiency of Plaintiff's allegations and the prejudice Defendants would suffer if required to proceed with discovery, Defendants intend to request that discovery be stayed pending the Court's resolution of their motion. Where a defendant has presented "substantial arguments for dismissal," a stay of discovery is appropriate. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–73 (S.D.N.Y. 2013). Here, Plaintiff has failed as a matter of law to allege a legally cognizable basis for each of its claims. Further, a short stay of discovery would cause no unfair prejudice, particularly where the Complaint acknowledges this was the final season of *Better Call Saul*, Compl. ¶ 34, Plaintiff did not file this lawsuit until several months after the Episode aired, *see id.*, and Plaintiff has not sought preliminary relief, *see id.* at 26. *Cf. Hong Leong Fin.*, 297 F.R.D. at 74–75 (granting stay of discovery and finding no unfair prejudice given the plaintiff's delay in pursuing its claims). Conversely, allowing discovery to proceed would be time-consuming and burdensome, and would inevitably have a chilling effect that implicates Defendants' valid First Amendment interests—making a stay of discovery particularly appropriate here.

\* \* \*

For the reasons set forth above, Defendants request leave to file their motion to dismiss no later than 21 days following the Court's ruling on this request.

Respectfully submitted,

*/s/ Gianni P. Servodidio*

Gianni P. Servodidio

cc:   All counsel of record via ECF