1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

September 30, 2022

Gianni Servodidio
Tel +1 212 891 1620
Fax +1 212 909 0837
GServodidio@jenner.com

**VIA ECF**

Hon. Paul G. Gardephe
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *JTH Tax LLC v. AMC Networks Inc. et al.*, No. 22-cv-6526
      Request for Pre-Motion Conference

Dear Judge Gardephe:

Defendants AMC Networks Inc. and Sony Pictures Television Inc. respectfully submit this reply to further support their request for leave to file a motion to dismiss and a stay of discovery (*see* Dkt. 24).

### I.   The First Amendment Bars Plaintiff's Lanham Act Claims.

Plaintiff concedes that its Lanham Act claims target Defendants' First Amendment expression, and that accordingly it cannot prevail on those claims without satisfying the two-prong test in *Rogers v. Grimaldi*, 875 F.2d 994, 999–1000 (2d Cir. 1989). Plaintiff resorts to arguing that the *Rogers* test is so exceptionally fact-bound that it can never be resolved on a motion to dismiss. This is exactly backward. The *Rogers* test promotes First Amendment interests, and minimizes chilling of creative expression, precisely because—unlike the standard multi-factor *Polaroid* test used in ordinary trademark cases—it is a simple, predictable test that is particularly suited to a motion to dismiss. For this reason, Courts in this District routinely have granted motions to dismiss under *Rogers* in analogous cases, and have done so without going through the *Polaroid* factors. *See, e.g.*, *Champion v. Moda Operandi, Inc.*, 561 F. Supp. 3d 419, 433–36 (S.D.N.Y. 2021) (granting motion to dismiss under *Rogers*); *Brown v. Showtime Networks, Inc.*, 394 F. Supp. 3d 418, 441–44 (S.D.N.Y. 2019) (same and noting plaintiff's failure to "allege that Defendants explicitly misled consumers"); *Medina v. Dash Films, Inc.*, 2016 WL 3906714, at *5–6 (S.D.N.Y. July 14, 2016) (granting motion to dismiss and rejecting argument that application of *Rogers* test is premature at that stage); *Louis Vuitton Malletier S.A. v. Warner Bros. Ent. Inc.*, 868 F. Supp. 2d 172, 183–84 (S.D.N.Y. 2012) (granting motion to dismiss and rejecting argument "that the *Rogers* test cannot be assessed on a motion to dismiss").

September 30, 2022
Page 2

Nor is any discovery required to resolve this case-dispositive issue on the pleadings. Under well settled principles, the Court may assess the work at issue and reach a legal determination as to whether the allegations set forth in the Complaint survive under the controlling *Rogers* analysis. *See, e.g.*, *Brown*, 394 F. Supp. 3d at 436; *Medina*, 2016 WL 3906714, at *3 ("Allegedly infringing works referred to in trademark claims may be integral to those claims and incorporated into the complaint by reference, and thus properly considered on a motion to dismiss."); *Louis Vuitton Malletier*, 868 F. Supp. 2d at 176 n.6 (similar).

## II.     Defendants' Uses Are Noncommercial.

Plaintiff concedes that "the show itself is not a commercial use" for dilution purposes. Dkt. 25 at 3. This forecloses the federal dilution claim. *See* 15 U.S.C. § 1125(c)(3)(C). An expressive work cannot be subject to a dilution claim merely because the producers engage in some ancillary promotional activity for that work that includes the mark at issue. *See Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196–97 (9th Cir. 2017) (holding that First Amendment barred Lanham Act claims based on promotional activities for television series); *Rogers*, 875 F.2d at 998 (extending First Amendment protection to film titles even though they are "a significant means of marketing the film to the public").

## III.    The Complaint Does Not Plausibly Allege Defamation, Disparagement or Injurious Falsehood.

The Complaint simply does not identify any statement in *Better Call Saul* that is alleged to be defamatory. Plaintiff's string cite of paragraphs from the Complaint, *see* Dkt. 25 at 4—to the extent the cited paragraphs are relevant to this issue at all—simply points to allegations that the show features "a fraud-driven tax preparation service" that uses trademarks similar to Plaintiffs'. *See, e.g.*, Compl. ¶ 35. That is insufficient to state a claim. *See de Rothschild v. Serlin*, 2021 WL 860227, at *8 (S.D.N.Y. Mar. 8, 2021).

## IV.     A Stay of Discovery Is Warranted.

Plaintiff incorrectly views this dispute as highly fact-intensive and intends to seek discovery on all the *Polaroid* factors. But it does not identify any reason, much less any claim of prejudice, as to why the dispositive First Amendment issues raised herein should not be resolved first by the Court. Allowing Plaintiff's threatened wide-ranging discovery to proceed in parallel on this kind of meritless claim "would be time-consuming and burdensome, and would inevitably have a chilling effect that implicates Defendants' valid First Amendment interests." Dkt. 24 at 5.

* * *

For the reasons set forth above and in their initial pre-motion letter, Defendants request leave to file their motion to dismiss no later than 21 days following the Court's ruling on this request.

September 30, 2022
Page 3

Respectfully submitted,

*/s/ Gianni P. Servodidio*

Gianni P. Servodidio

cc:     All counsel of record via ECF