PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (646) 808-6358



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

October 27, 2022

**VIA ELECTRONIC FILING**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007

      Re:    *JTH Tax, LLC d/b/a Liberty Tax Service v. AMC Networks, et al.*
              **Case No: 1:22-cv-06526-PGG**

Dear Judge Gardephe:

Pursuant to the August 15, 2022 Notice of Pretrial Conference in the above-captioned action (Dkt. 12), Plaintiff JTH Tax, LLC d/b/a ("Liberty Tax" or "Plaintiff") and Defendants AMC Networks Inc. and Sony Pictures Television Inc. (collectively, Defendants") hereby submit this joint status letter for the Initial Conference, presently scheduled for November 3, 2022 at 10:15 a.m.

Pending before the Court is Defendants' Pre-Motion Letter requesting permission to file a motion to dismiss the Complaint and for a stay of discovery (Dkts. 24–26). Defendants believe that a stay of discovery is appropriate because Defendants have presented substantial arguments for dismissal and a short stay of discovery pending the Court's resolution of a motion to dismiss would cause no prejudice to Plaintiff. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–75 (S.D.N.Y. 2013). Liberty Tax opposes a stay of discovery because Defendants have not shown good cause for stay and Defendants' proposed motion to dismiss involves fact-intensive inquiries that require discovery and cannot be resolved on a motion to dismiss. *See, Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) ("[T]he mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay"). Resolution of these motions may impact the Parties' responses below and the proposed schedule in the attached Civil Case Management Plan.

Liberty Tax considers Defendants' proposed motion to dismiss to be unfounded for the reasons set forth in its letter opposition to Defendants' Pre-Motion Letter and as summarized below (Dkt.

October 27, 2022
Page 2

25). Moreover, Liberty Tax is in the process of filing an Amended Complaint that addresses the alleged deficiencies asserted by Defendants.

Pursuant to the Court's Notice of Pretrial Conference, the parties attach their joint proposed Case Management Plan for this action hereto as Exhibit A.

**(1)     A brief description of the case, including the factual and legal bases for the claim(s) and defense(s)**

Plaintiff's Statement:

This case arises from Defendants' use of Liberty Tax's registered trademarks and trade dress on their hit television show, *Better Call Saul*, to falsely represent Liberty's tax preparation business as a criminal enterprise and mislead consumers into believing that Liberty Tax endorsed or otherwise authorized the show. As set forth in the Complaint, Defendants' conduct gives rise to claims for trademark and trade dress infringement, trademark and trade dress dilution, defamation, disparagement, and injurious falsehoods. As set forth in Liberty Tax's opposition to Defendants' Pre-Motion Letter (Dkt. 25), Defendants' contention that they had the right to use Liberty's intellectual property to misrepresent Liberty as a criminal enterprise, mislead the public, and damage Liberty's valuable intellectual property, all in violation of the Lanham Act, because their misrepresentation was part of a television show is meritless. *First*, the balancing test in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) is not an absolute bar to establish, especially where, as here, the depiction of Liberty Tax as criminals has no artistic relevance and the pervasive use of Liberty Tax's intellectual property is "explicitly misleading." *Second*, Defendants' non-commercial use challenge to Liberty Tax's trademark dilution claim is an affirmative defense that requires discovery, including as to the scope of Defendants' commercial use of Liberty Tax's trademarks and trade dress for commercial advertising purposes. *Third*, the Complaint plausibly alleges a false statement in reciting the episode's statements about stealing money from tax returns, and such statements are articulated even more specifically in Liberty Tax's forthcoming Amended Complaint.

Defendants' Statement:

As set forth in Defendants' Pre-Motion Letter (Dkt. 24; *see also* Dkt. 26), Defendants have substantial arguments for dismissal of all of Plaintiff's claims. *First*, with respect to Plaintiff's claims for infringement and dilution, Defendants' expressive conduct is protected by the First Amendment under the Second Circuit's decision in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), and its progeny. *Second*, the federal dilution statute does not apply to "noncommercial" uses of a mark, and Plaintiffs cannot allege that any use of the allegedly diluting mark or trade dress was "noncommercial." *See* 15 U.S.C. § 1125(c)(3)(C). *Third*, the Complaint does not plausibly allege a false statement of fact of and concerning Plaintiff (nor can it), which is fatal to its claims for defamation, disparagement, and injurious falsehood. Moreover, the Complaint fails to allege other required elements of Plaintiff's claims for disparagement and injurious falsehood, to the extent those claims do not impermissibly duplicate Plaintiff's defamation claim. In addition to the legal insufficiencies in Plaintiff's case, Defendants also expect that discovery will reveal additional factual deficiencies in Plaintiff's claims.

October 27, 2022
Page 3

**(2)**      **Any contemplated motions**

Defendants have filed a Pre-Motion Letter in regard to Defendants' anticipated motion to dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) and request to stay discovery (Dkt. 24; *see also* Dkt. 26). Although Liberty Tax believes that the proposed motion to dismiss is unfounded for the reasons set forth in its letter opposition to Defendants' Pre-Motion Letter (Dkt. 25), Liberty Tax is in the process of filing an Amended Complaint that moots Defendants' Pre-Motion Letter. Liberty Tax does not presently anticipate filing any motions, but opposes Defendants' request to stay discovery.

**(3)**      **The prospect for settlement**

The parties have had initial discussions but do not believe there is a basis to resolve the case at this time.

                                                                      Respectfully submitted,

| | |
|---|---|
| /s/ Peter G. Siachos | /s/ Gianni P. Servodidio |
| Peter G. Siachos (NY Bar No.: 4436168) | Gianni P. Servodidio (GS-0713) |
| **GORDON REES SCULLY MANSUKHANI LLP** | Susan J. Kohlmann (SK-1855) |
| One Battery Park Plaza | Allison N. Douglis (#5711015) |
| 28th Floor | **JENNER & BLOCK LLP** |
| New York, NY 10004 | 1155 Avenue of the Americas |
| Tel.: (212) 269-5500 | 29th Floor |
| Fax: (212) 269-5505 | New York, NY 10036 |
| psiachos@grsm.com | Tel.: (212) 891-1600 |
| | Fax: (212) 891-1699 |
| | gservodidio@jenner.com |
| Clair E. Wischusen (admitted *pro hac vice*) | skohlmann@jenner.com |
| **GORDON REES SCULLY MANSUKHANI LLP** | adouglis@jenner.com |
| 18 Columbia Turnpike | |
| Suite 220 | *Attorneys for Defendants AMC Networks Inc.* |
| Florham Park, NJ 07932 | *& Sony Pictures Television Inc.* |
| Tel.: (973) 549-2524 | |
| Fax: (973) 377-1911 | |
| cwischusen@grsm.com | |

James L. Messenger (admitted *pro hac vice*)
**GORDON REES SCULLY MANSUKHANI LLP**
21 Custom House Street
5th Floor
Boston, MA 02110
Tel.: (857) 263-2000

October 27, 2022
Page 4

Fax: (857) 264-2836
jmessenger@grsm.com

*Attorneys for Plaintiff JTH Tax LLC d/b/a*
*Liberty Tax Service*