1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711                    JENNER&BLOCK LLP

November 10, 2022

Gianni Servodidio
Tel +1 212 891 1620
Fax +1 212 909 0837
GServodidio@jenner.com

**VIA ECF**

Hon. Paul G. Gardephe
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *JTH Tax LLC v. AMC Networks Inc. et al.*, No. 22-cv-6526
      **Renewed Request for Pre-Motion Conference**

Dear Judge Gardephe:

   On behalf of Defendants AMC Networks Inc. and Sony Pictures Television Inc., we respectfully submit this renewed pre-motion letter because Plaintiff JTH Tax LLC d/b/a Liberty Tax Service's First Amended Complaint ("FAC"), ECF No. 29, is plagued by the same deficiencies that warranted dismissal of Plaintiff's original Complaint and a stay of discovery. Plaintiff does not consent to the request. The initial pretrial conference is scheduled in this matter for December 8, 2022. *See* ECF No. 30.

   Defendants filed a pre-motion letter seeking leave to file a motion to dismiss the Complaint in its entirety and to request a stay of discovery. ECF No. 24; *see also* ECF No. 26 (Defendants' reply). In response, Plaintiff opposed this request and elected to stand on its original pleading. See ECF No. 25. However, over a month later, Plaintiff reversed course and filed the FAC—in which it dropped its claims for federal dilution, registered trade dress infringement, disparagement, and injurious falsehoods, and added claims for trademark dilution under New York General Business Law § 360-*l*, *see* FAC ¶¶ 91–106, and for unregistered trade dress infringement, *see id.* ¶¶ 82–90.

   **I.   Plaintiff's Lanham Act Claims are Still Barred by the First Amendment.**

   Defendants' prior submissions set forth how, under the Second Circuit's decision in *Rogers v. Grimaldi* and its progeny, Plaintiff can only state a claim under the Lanham Act if Plaintiff has plausibly alleged that Defendants' use of "Sweet Liberty Tax Services" and associated imagery is (1) not artistically relevant or (2) explicitly misleading, which Plaintiff has not done. *See* ECF No. 24 at 2–3; ECF No. 26 at 1–2. Courts routinely dismiss trademark claims under Rule 12(b)(6) as barred by *Rogers* without discovery. *See* ECF No. 26 at 1–2.

November 10, 2022
Page 2

    The FAC seeks to overcome *Rogers* through repeated, boilerplate allegations that "Defendants must have intended to explicitly mislead consumers into believing that Liberty Tax sponsored or endorsed the show." *See* FAC ¶ 47; *see also id.* ¶¶ 1, 4, 48, 52 (similar).  However, the sheer repetition of conclusory statements is not enough.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (rejecting "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").  It is black-letter law that the mere alleged use of Plaintiff's marks (here, involving significantly different names and designs) in an expressive work is insufficient to state a claim under *Rogers*—there must be some "overt claim" or "explicit misstatement" of sponsorship or affiliation.  *See Rogers v. Grimaldi*, 875 F.2d 994, 1001 (2d Cir. 1989).  And courts regularly reject claims under *Rogers* that fail to allege sufficient facts to support that the alleged use of a mark was explicitly misleading.  *See, e.g.*, *Louis Vuitton Malletier v. Warner Bros. Ent. Inc.*, 868 F. Supp. 2d 172, 183 (S.D.N.Y. 2012) (dismissing complaint "where simply looking at the work itself, and the context in which it appears, demonstrates how implausible it is that a viewer will be confused into believing that the plaintiff endorsed the defendant's work"); *Brown v. Showtime Networks, Inc.*, 394 F. Supp. 3d 418, 444 (S.D.N.Y. 2019) ("[N]one of the allegations in the Complaint here suffices to plead that Defendants' inclusion of [the plaintiff's name] 'explicitly misleads as to the source or the content of the work.' . . . To survive a motion to dismiss . . . , Brown must plead more than 'conclusory allegations' and allege that Defendants explicitly misled consumers as to the source or content of the film."); *see also Champion v. Moda Operandi, Inc.*, 561 F. Supp. 3d 419, 432 (S.D.N.Y. 2021) (rejecting "*ipse dixit* pleadings" under the Lanham Act and stating that "Plaintiffs must plead facts that would, if believed, give rise to a *plausible* inference that defendants violated that statute").

    Plaintiff cannot get around its pleading failure by citing ancillary promotional activity for the Episode.  Courts routinely hold that a challenged use of a mark in an expressive work is not outside *Rogers*' ambit just because it appears in promotional materials for that work.  *See Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196–97 (9th Cir. 2017) (applying *Rogers* to alleged use of a mark in "auxiliary" promotional activities); *Fortres Grand Corp. v. Warner Bros. Ent. Inc.*, 947 F. Supp. 2d 922, 924–25, 933–34 (N.D. Ind. 2013) (applying *Rogers* to promotional mock advertisements that were a "creative outgrowth of the fictional world of the film"); *Louis Vuitton*, 868 F. Supp. 2d at 175 (applying *Rogers* where mark had also allegedly been used in commercials and advertisements for the film).  And here, the FAC does not and cannot point to any explicit misstatements in these promotional materials that could possibly meet the *Rogers* test.[1]

---

[1] The FAC cites a faux advertisement for the fictional Sweet Liberty Tax Services posted on the *Better Call Saul* Facebook page, *see* FAC ¶ 49; Instagram posts from the actress playing the fictional Betsy Kettleman depicting the Sweet Liberty Tax Services set, *id.* ¶ 50; a YouTube trailer for Season 6 in which no more than *one second* of a multi-minute clip shows the distorted

November 10, 2022
Page 3

### II. Plaintiff's New York Dilution Claim Fails for Similar Reasons.

Nor can Plaintiff get around the First Amendment by alleging a claim for dilution under New York law, as courts routinely apply *Rogers* to such claims. *See Louis Vuitton*, 868 F. Supp. 2d at 184; *Yankee Publ'g Inc. v. News Am. Publ'g Inc.*, 809 F. Supp. 267, 282 (S.D.N.Y. 1992) ("[T]he same First Amendment considerations that limit a cause of action under the Lanham Act apply also to a cause of action under New York law.").

### III. Plaintiff Still Has Not Stated a Claim for Defamation.

Plaintiff seeks to cure the deficiencies identified in Defendants' initial pre-motion letter by block-quoting portions of dialogue within the Episode by one character to her IRS contact to the effect that a "rundown little mom and pop outfit" is engaged in "tax preparer fraud," and its "clients always end up with smaller refunds than they deserve." *See* FAC ¶¶ 40, 109. But this recitation of dialog only lays bare the deeper problem identified in Defendants' initial pre-motion letter: Plaintiff has not alleged any defamatory statement of fact *of and concerning* Plaintiff. *See* ECF No. 24 at 4; *see Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, 2019 WL 1434719, at *11 (S.D.N.Y. Mar. 31, 2019) (Gardephe, J.). Beyond threadbare assertions, Plaintiff cannot plausibly allege that these statements—in a fictional show, and about a "little mom and pop outfit"—purport to be commenting on real-life persons or events, such that they can be construed as of and concerning Liberty Tax—let alone as defamatory statements of fact. *See, e.g.*, *Films of Distinction, Inc. v. Allegro Film Prods.*, 12 F. Supp. 2d 1068, 1080–81 (C.D. Cal. 1998) (dismissing defamation claim based on fictional show).

### IV. A Stay of Discovery Is Still Warranted.

Defendants continue to request leave to seek a stay of discovery given the continued insufficiency of the allegations and the prejudice to and chilling effect on Defendants' First Amendment rights. *See* ECF No. 24 at 5. Plaintiff's delay in amending the Complaint for over a month after Defendants filed their first pre-motion letter further confirms that Plaintiff would not be prejudiced by a stay of discovery pending consideration of the motion to dismiss.

\* \* \*

For the reasons set forth above, Defendants request leave to file their motion to dismiss no later than 21 days following the Court's ruling on this request.

---

Statue of Liberty inflatable and set design, with the name of the business not legible, *id.* ¶ 51; and a third-party Google Image search result involving a single image from a *Breaking Bad* fan site that allegedly is caught up in Google Image's keyword search algorithm, *id.* ¶ 52.

November 10, 2022
Page 4

Respectfully submitted,

*/s/ Gianni P. Servodidio*

Gianni P. Servodidio

cc:	All counsel of record via ECF