PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (646) 808-6358



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA, 28TH FL.
NEW YORK, NY 10004
WWW.GRSM.COM

June 20, 2023

**VIA ECF**
Hon. Paul G. Gardephe
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    ***JTH Tax, LLC d/b/a Liberty Tax Service v. AMC Networks Inc. et al.***
              **Case No: 1:22-cv-06526**
              **Response to Defendants' Notice of Supplemental Authority**

Dear Judge Gardephe:

On behalf of Plaintiff JTH Tax LLC d/b/a Liberty Tax ("Liberty"), we respectfully submit this response to Defendants' Notice of Supplemental Authority regarding *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 2023 WL 3872519 (U.S. June 8, 2023). *See* ECF No. 42. The Supreme Court's decision in favor of the trademark holder in *Jack Daniel's* supports denial of Defendants' Motion to Dismiss Liberty's trademark claims based on the test in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). *See* ECF Nos. 37-41.

In *Jack Daniel's*, the Supreme Court rejected the Ninth Circuit's expansion of the *Rogers* test to source identifying uses of a mark. *See* 2023 WL 3872519 at *8. Defendants overstate *Jack Daniel's* holding in suggesting that it reinforced dismissal of non-source identifying uses under *Rogers*. To the contrary, the Supreme Court signaled doubt about *Rogers* and expressly declined to endorse the *Rogers* test in *any* context. *See id.* at *3 ("we do not decide whether the [*Rogers*] threshold inquiry applied in the Court of Appeals is ever warranted"), and *8 ("whatever you make of *Rogers*—and again, we take no position on that issue—it has always been a cabined doctrine.").

Justice Gorsuch filed a concurrence, joined by Justice Thomas and Justice Barrett, questioning if *Rogers* was correctly decided and cautioning lower courts to proceed with care in applying *Rogers*:

> I write separately only to underscore that lower courts should handle *Rogers v. Grimaldi*, 875 F.2d 994 (C.A.2 1989), with care. Today the Court rightly concludes that, even taken on its own terms, *Rogers* does not apply to cases like the one before us. But in doing

Hon. Paul G. Gardephe
June 20, 2023
Page 2

> so, we necessarily leave much about Rogers unaddressed. For example, it is not entirely clear where the Rogers test comes from— is it commanded by the First Amendment, or is it merely gloss on the Lanham Act, perhaps inspired by constitutional avoidance doctrine? *Id.*, at 998. For another thing, it is not obvious that *Rogers* is correct in all its particulars—certainly, the Solicitor General raises serious questions about the decision. See Brief for United States as *Amicus Curiae* 23—28. All this remains for resolution another day, *ante*, at —–, and lower courts should be attuned to that fact.

The Supreme Court's reservations about *Rogers* in *Jack Daniel's* undermine the expansive application of *Rogers* sought by Defendants in this case. *Id.* at *7, n. 1. Rather, *Jack Daniel's* supports Liberty's position that trademark law should prevail over the First Amendment where, as here, Defendants' pervasive use of Liberty's marks explicitly misled consumers into believing Liberty endorsed the use, including through advertising and social media. ECF No. 40 at 6, 19. Because advertising is classic commercial speech, courts should be especially reluctant after *Jack Daniel's* to expand application of *Rogers* to a mix of artistic and advertising uses like Defendants advocate here.

Contrary to Defendants' contention, *Jack Daniel's* does not support dismissal of Liberty's claims without applying a complete *Rogers* analysis. ECF No. 42 at 2. Rather, *Jack Daniel's* commands due care in applying the *Rogers* test, including by expressly applying the factors in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961) after giving the parties the opportunity to develop a full factual record.

                                                    Respectfully submitted,

                                                    GORDON REES SCULLY MANSUKHANI LLP

                                                    /s/ Peter G. Siachos

cc:      All counsel of record *via* ECF